**ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. COLEMAN.   (No. 2503.)**

(Court of Civil Appeals of Texas.   Texarkana.
March 17, 1922.   Rehearing Denied
March 23, 1922.)

1. **Railroads** ⊗⇒443(1)—**Evidence held insufficient to show negligence in extricating mule from track.**

In an action for damages for killing a mule, evidence *held* insufficient to support a finding that the method used by defendant's employees in extricating the mule from a bridge was negligent.

2. **Appeal and error** ⊗⇒930(3)—**Presumption of finding by court relates only to issues necessary to rendition of judgment.**

In an action for damages for killing a mule, it should be assumed, under Vernon's Sayles' Ann. Civ. St. 1914, art. 1990, making it the duty of the trial court to render judgment on the verdict or set it aside, that a judgment was based on the verdict, and not on a finding that defendant was negligent in permitting its right of way fence to be out of repair, enabling the mule to get on the railroad track, notwithstanding article 1985, providing that on appeal an issue not submitted and not requested by a party to the cause shall be deemed as found by the court in such manner as to support the judgment, since the presumption arises only in the case of an issue necessary to be determined in connection with, and in aid of, the findings of the jury before judgment can be rendered thereon.

Appeal from Bowie County Court; O. B. Pirkey, Judge.

Action by T. J. Coleman against the St. Louis Southwestern Railway Company of Texas. From judgment for plaintiff, defendant appeals. Reversed and remanded.

This was a suit by appellee against appellant to recover the value of a mule owned by the former and killed by employés of the latter, in which judgment was rendered for appellee.

Appellee alleged in his petition that his mule went upon appellant's track through an opening in its right of way fence, due to negligence on the part of appellant; that while the mule was on appellant's right of way it so negligently operated one of its freight trains as to frighten the mule, and cause him to run upon and step into openings in a bridge or trestle; that appellant negligently injured the mule in undertaking to get him off the bridge, where he had fallen; and that after so injuring him appellant wrongfully killed the mule.

It appeared from the testimony that appellant's right of way fence was defective, as charged by appellee, and there was testimony which would have supported findings that the mule entered upon appellant's track through an opening in the fence about a mile

south of the bridge; that from fear of a freight train approaching from the south he ran on a dump or embankment 100 or more yards long, and which gradually increased in height to the bridge, where it was 5 or 6 feet high; that appellant's trainmen and section men attempted to get the mule off of the trestle by lifting him out of openings therein into which he had fallen, expecting him to then walk on the cross-ties thereof and off of the bridge; that while they were making such attempt the mule jumped or fell off of the bridge, breaking one of his legs; and that the injury to the mule was such that appellant's employés concluded it was right to kill him, and did so.

On special issues submitted to them the jury found: (1) That "the method adopted and pursued" by appellant's employés "in trying to extricate the mule from the bridge" was negligent; and (2) that the mule was worth $300.

King, Mahaffy & Wheeler, of Texarkana, for appellant.

George W. Johnson, of New Boston, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] As we understand the testimony, it did not warrant the finding that appellant's employés were guilty of negligence in attempting to get the mule off of the bridge in the way they did. Appellee's contention is that the jury had a right to conclude from the testimony that an ordinarily prudent person, under the circumstances of the case, instead of attempting to lift the mule out of the openings in the bridge, and have him walk off of same on the ties as appellant's employés did, would have rolled him off of the bridge, letting him fall to the ground seven or eight feet below, or, if he lifted the mule, would have so placed boards on the ties as to enable the mule to walk thereon safely, and in that way get off of the bridge. Whether the mule would have escaped injury as serious as that he suffered if one of the ways suggested by appellee had been pursued by appellant's employés we think is too conjectural and uncertain to justify the finding in question. No one could possibly know what would have been the consequence to the mule had he been rolled off the bridge, nor, if appellant's employés had floored the bridge, that they could have gotten the mule thereon, or, if they did, that he would not have jumped off of same.

[2] Appellee insists that the testimony was sufficient to support a finding that appellant was guilty of negligence in permitting its right of way fence to be out of repair as it was, and that it ought to be presumed in support of the judgment that the trial court found that appellant was negligent in that respect, and based his judgment on such neg-

---

ligence. We do not think such a presumption is permissible. It was the duty of the trial court to render judgment on the verdict, or set it aside. Article 1990, Vernon's Statutes. He did not set it aside. It should be assumed, therefore, that he based his judgment on the verdict, and not on a finding he made himself. We do not think article 1985, Vernon's Statutes, which provides that on appeal "an issue not submitted and not requested by a party to the cause, shall be deemed as found by the court in such manner as to support the judgment; provided, there be evidence to sustain such a finding," authorizes an affirmance of the judgment on the theory suggested. The "issue not submitted and not requested by a party to the cause" referred to in the statute evidently is not one which without respect to findings made by the jury on issues submitted to them would warrant the judgment, but is one it is necessary to determine in connection with and in aid of those findings before judgment can be rendered thereon.

The judgment is reversed, and the cause is remanded to the court below for a new trial

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes